IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

BRITTNEY FERREE, Individually and as )
Parent and Next Friend of J.N., a minor, )
)
         Plaintiff, )
)
        v. )    Cause No. 4:26-cv-97
JEFFREY HEARON and CHRIS HANSEN,)
)
        Defendants. )

**C O M P L A I N T**

Plaintiff Brittney Ferree, by counsel, respectfully makes her Complaint for Damages and

avers as follows:

**Nature of Case**

1.     This lawsuit seeks redress from police officers who detained her 4-year-old son to induce

her to surrender herself into the officers' custody, in violation of her and the child's

Fourth and Fourteenth Amendment rights.

**Jurisdiction**

2.    Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to redress Defendants' violations of their rights under the Fourteenth Amendment to the U.S. Constitution.   This Court has original subject matter jurisdiction of the federal questions presented pursuant to 28 U.S.C.  § 1331 and § 1343.

3.    Venue is proper in the New Albany Division because all parties reside in this division and the events complained of occurred in this division.

**Parties**

4.    Brittney Ferree is an adult citizen of the United States currently residing Clark County, Indiana.

5.    J.N, is a minor child residing in Clark County, Indiana.  His interests are represented by his mother Brittney Ferree.

6.    Jeffrey Hearon is an adult U.S. citizen who resides in Marion County, Indiana.  He is sued in his individual capacity.

7.    Christopher Hanson is an adult citizen of the United States who resides in Marion County, Indiana.  He is sued in his individual capacity.

**Factual Allegations**

8.    Brittney Ferree ("Ferree") is a cosmetologist living in Sellersburg, Indiana.

2

9.      Prior to the events of this lawsuit Ferree served on the Clark County Council.

10.     Ferree was once involved in a romantic relationship Jamey Noel ("Noel", the elected Sheriff of Clark County, and they share a minor child together, J.N.

11.     Jeffrey Hearon ("Hearon") is a lieutenant in the Indiana State Police. He led an investigation that resulted in the conviction of Sheriff Noel for misappropriation of public funds.

12.     Noel had a long history of political rivalry and conflict with Indiana State Police Commissioner Doug Carter, who selected Lt. Hearon to investigate Noel.

13.     Hearon also investigated Ferree, alleging that a vote in favor of the county budget resolution benefited Noel unlawfully because Noel had access to county funds and used those funds to pay child support to Ferree.

14.     As a result of Hearon's investigation Ferree was charged with Official Misconduct.

15.     When Ferree was charged Hearon wished to effect a public and custodial arrest. He obtained a warrant for her arrest knowing that she was represented by a criminal defense attorney.

16.     Hearon did not inform Ferree's criminal defense attorney of the impending arrest.

17.     Hearon attempted to execute the arrest warrant Ferree on Friday, August 23, 2024. At the time Ferree was unaware of its existence. She and a friend therefore decided to leave their hometown of Sellersberg to go shopping in Madison, Indiana.

18.     When Hearon and the other State Police troopers who attempted to execute the warrant were unable to find her.

19. In an effort to induce Ferree to surrender, Hearon and Trooper Chris Hanson went to Saint John Paul II School, where they knew Ferree's four-year-old son, J.N, to be in day care.

20. Hearon and Hanson informed school officials that Ferree was under arrest and they were there to take custody of J.N.

21. Hearon and Hanson seized J.N. and transported him to the State Police Post in Sellersburg.

22. Hearon knew or suspected that Ferree was with her friend April Smith ("Smith").

23. Hearon texted Smith and told her to tell Ferree that Hearon had J.N. in custody and that if she ever wanted to see J.N. again Ferree should surrender herself.

24. Smith had accompanied Ferree on the shopping trip to Madison and immediately conveyed Hearon's message to Ferree.

25. As soon as Ferree learned of the existence of the warrant she surrendered herself and was booked into custody.

26. Because Ferree was arrested on a Friday she could not be released until Monday and was separated from J.N. for the weekend.

27. Hearon and Hanson released J.N. to Smith, who took J.N. to her home for the weekend.

28. Once Ferree was in custody, Hearon and Hanson released J.N.to Smith, who took him home to care for him in his mother's absence.

29. At all times Hearon and Hanson acted under color of Indiana law.

**Legal Claims**

30.    Hearon and Hanson's seizure of J.N. in order to hold him ransom to induce Ferree to surrender herself violated J.N.'s rights under the Fourth Amendment.

31.    Hearon and Hanson's seizure of J.N. violated Ferree's rights under the Fourth Amendment.

32.    Hearon and Hanson's seizure of J.N. violated Ferree's liberty interest under the Fourteenth Amendment to parent her child.

**Relief**

33.    Plaintiff seeks all available relief allowable by law, including punitive and compensatory damages, attorney's fees, and costs.

**WHEREFORE,** Plaintiff prays that the Court will enter judgment against Defendants and grant her all just and proper relief.

Respectfully submitted,


/s/ Jeffrey S. McQuary, 16791-49
TOMPKINS LAW
608 E. Market Street
Indianapolis, IN 46202
317/631-6866
jmcquary@tlawindy.com

Attorney for Plaintiff

6